RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4231-14T2

IN THE MATTER OF THE CIVIL
COMMITMENT OF J.Z., SVP-342-03.
______________________________________

 Argued October 3, 2017 – Decided November 6, 2017

 Before Judges Yannotti and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. SVP-
 342-03.

 Alan Dexter Bowman argued the cause for
 appellant.

 Amy Beth Cohn, Deputy Attorney General, argued
 the cause for respondent State of New Jersey
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant Attorney
 General, of counsel; Ms. Cohn, on the brief).

PER CURIAM

 J.Z. appeals from an order entered by the Law Division dated

March 18, 2015, which denied his motion to dismiss the order

continuing his civil commitment pursuant to the Sexually Violent

Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. We affirm.

 J.Z. has been committed pursuant to the SVPA since October

2003. He appealed from an order entered by the Law Division on
June 2, 2005, which authorized his continued civil commitment and

we affirmed the order. In re Civil Commitment of J.Z., No. A-6029-

04 (App. Div. April 18, 2007). Following a review hearing, the

trial court entered an order dated December 15, 2010, which

continued J.Z.'s commitment. At the review hearing, J.Z.

stipulated that the State had presented clear and convincing

evidence showing that he remained a sexually violent predator in

need of involuntary civil commitment under the SVPA.

 In January 2012, J.Z. pled guilty to possession of an

electronic communication device "while confined to a State

correctional facility, secure juvenile facility, county

correctional facility, or county juvenile detention facility," in

violation of N.J.S.A. 2C:29-10(b). At the plea hearing, J.Z.

admitted he had possessed a computer with Internet access while

confined to the Special Treatment Unit (STU). The trial court

sentenced J.Z. to four years of incarceration, with a two-year

period of parole ineligibility. Thereafter, J.Z. appealed from the

judgment of conviction.

 In April 2012, J.Z. filed a motion in the trial court to

dismiss the SVPA commitment order without prejudice upon his

transfer to the correctional facility to serve the criminal

sentence. The judge denied the motion, noting on the record that

continuation of the commitment order would not be inconsistent

 2 A-4231-14T2
with the SVPA, which provides that the New Jersey Department of

Corrections (NJDOC) must house persons committed under the SVPA

in a safe and secure facility "separately from offenders in the

custody of the [NJDOC]." N.J.S.A. 30:4-27.34(a).

 The judge observed that J.Z. would be intermingled with other

inmates while he was serving his criminal sentence, but this was

the result of his status as a person convicted of a criminal

offense, not the result of his civil commitment under the SVPA.

The judge added that upon completion of his criminal sentence,

J.Z. would be afforded a review hearing within twenty days to

determine if he should still be committed under the SVPA.

 Therefore, the judge entered an order dated April 20, 2012,

releasing J.Z. to the custody of the NJDOC so that he could begin

serving his criminal sentence. The order also provided that upon

the completion of his criminal sentence, the NJDOC shall return

J.Z. to the STU. J.Z. filed an appeal from the April 20, 2012

order.

 J.Z. also appealed from the judgment of conviction entered

by the Law Division as a result of his plea to possession of an

electronic communication device while confined in a correctional

facility. We later determined that the STU did not qualify as a

State or county correctional facility for purposes of N.J.S.A.

 3 A-4231-14T2
2C:29-10(b). State v. J.Z., No. A-4480-11 (App. Div. June 11,

2014) (slip op. at 8).

 We concluded that in view of our interpretation of N.J.S.A.

2C:29-10(b), J.Z.'s plea and the conviction based on that plea

must be set aside. Id. at 9. As a result of our decision in the

criminal case, we decided that J.Z.'s challenge of the order of

April 20, 2012, in the commitment case was moot. In re Civil

Commitment of J.Z., No. A-4885-11 (App. Div. June 11, 2014) (slip

op. at 4).

 The NJDOC returned J.Z. to the STU on June 13, 2014. Shortly

thereafter, Senior Deputy Attorney General (SDAG) Mark Singer

advised J.Z.'s attorney that the State was prepared to proceed

with the review hearing as soon as possible. On July 14, 2014,

J.Z.'s counsel asked the court to clarify J.Z.'s status and

determine whether the State had to file a new petition for J.Z.'s

civil commitment. On July 22, 2014, SDAG Singer wrote to the court

and stated that a new petition was not required and the matter

should proceed to a hearing as soon as possible.

 In anticipation of that hearing, the State obtained re-

evaluations of J.Z. by Dr. Dean DeCrisce, a psychiatrist, and Dr.

Tarmeet Sahni, a psychologist and member of the Treatment Process

Review Committee. Dr. Sahni interviewed J.Z. on September 23,

2014, and thereafter issued a report dated November 21, 2014,

 4 A-4231-14T2
finding that J.Z. met the criteria for commitment pursuant to the

SVPA. J.Z. refused to be interviewed by Dr. DeCrisce. Nevertheless,

on January 22, 2015, Dr. DeCrisce issued a report in which he also

found that J.Z. satisfied the criteria for commitment pursuant to

the SVPA. Dr. DeCrisce based that finding on his review of the

records in J.Z.'s file.

 The trial court scheduled the matter for a hearing on January

20, 2015, but it was adjourned at J.Z.'s request. On February 15,

2015, J.Z. filed a motion to dismiss the previously-entered civil

commitment order. The State opposed the motion on the ground that

the State had established probable cause for J.Z.'s continued

commitment as a sexually violent predator.

 On February 27, 2015, the trial court heard oral argument on

the motion. The court entered an order dated March 18, 2015,

denying the motion. The order stated that J.Z.'s attorney should

contact the court on or before March 27, 2015, either to give

notice of his intent to appeal the order or schedule a review

hearing on the issue of J.Z.'s commitment under the SVPA.

 The order also stated that in the event of an appeal, the

order was stayed pending disposition of the appeal, and that at

any time during the pendency of the appeal, J.Z. had the right to

schedule a review hearing. We were advised at oral argument that

 5 A-4231-14T2
while this appeal was pending, J.Z. did not request a review

hearing.

 On appeal, J.Z. argues that the order continuing his

commitment was nullified by his transfer to the general population

of a correctional institution. He contends it was improper for the

court to transfer him to a penal institution without first

dismissing the commitment order because while he was in prison,

he was not afforded the due process protections provided by the

SVPA, specifically segregation from general prison inmates,

treatment, and annual review hearings. In addition, J.Z. argues

that the trial court should have dismissed the civil commitment

order without prejudice.

 "The scope of appellate review of a commitment determination

is extremely narrow." In re Civil Commitment of R.F., 217 N.J.

152, 174 (2014) (quoting In re D.C., 146 N.J. 31, 58 (1996)). "The

judges who hear SVPA cases generally are 'specialists' and 'their

expertise in the subject' is entitled to 'special deference.'"

Ibid. (quoting In re Civil Commitment of T.J.N., 390 N.J. Super.

218, 226 (App. Div. 2007)). Therefore, an appellate court should

not modify a trial court's determination either to commit or

release an individual unless "the record reveals a clear mistake."

Id. at 175 (quoting D.C., supra, 146 N.J. at 58).

 6 A-4231-14T2
 So long as the trial court's findings are supported by

"sufficient credible evidence present in the record," those

findings should not be disturbed. State v. Johnson, 42 N.J. 146,

162 (1964). Nevertheless, when an appeal presents issues of law,

the relevant standard of review is de novo, with no special

deference. In re Civil Commitment of D.Y., 218 N.J. 359, 373 (2014)

(citing Balsamides v. Protameen Chems., Inc., 160 N.J. 352, 372

(1999)).

 Initially, we reject J.Z.'s contention that he was denied his

due process rights under the SVPA because the trial court left the

civil commitment order in place when he was transferred to the

State correctional facility to serve his criminal sentence.

Although the civil commitment order remained in effect, J.Z. was

not incarcerated pursuant to that order. He was incarcerated

pursuant to the judgment of conviction entered as a result of his

guilty plea. Thus, while J.Z. was serving his criminal sentence,

he had no rights under the SVPA, including the right to segregation

from the general prison population, sex offender treatment, or

annual review hearings.

 We note that while J.Z.'s earlier appeal from the trial

court's April 20, 2012 order was pending, the State filed a motion

seeking a remand to the trial court so that it could move to

dismiss the commitment order without prejudice. On appeal, the

 7 A-4231-14T2
State asserts that it filed the motion because upon further

reflection, it believed it was inconsistent with the SVPA to keep

J.Z.'s civil commitment order in effect while he was serving a

criminal sentence.

 Apparently, the State will not oppose the dismissal without

prejudice of a civil commitment order when a person committed

under the SVPA is transferred to a correctional facility to serve

a criminal sentence. Therefore, it appears that the State agrees

that when the individual has completed the criminal sentence, it

must begin anew the process for the individual's civil commitment

under the SVPA.

 We note that the SVPA provides in pertinent part that "[w]hen

it appears that a person may meet the criteria of a sexually

violent predator . . . the agency with jurisdiction shall give

written notice to the Attorney General" and "provide the Attorney

General with all information relevant to a determination of whether

the person may be a [SVP]." N.J.S.A. 30:4-27.27(a) and (b). Upon

receiving such notice, the Attorney General may initiate a court

proceeding to have the individual involuntarily committed . . .

"by the submission to the court of two clinical certificates

. . . at least one of which is prepared by a psychiatrist."

N.J.S.A. 30:4-27.28(b) and (c).

 8 A-4231-14T2
 The SVPA further provides that if the court finds that there

is probable cause to believe the person is a sexually violent

predator, it may issue a temporary commitment order. N.J.S.A.

30:4-27.28(g). Within twenty days after the date of the temporary

commitment order, the person is entitled to "a court hearing with

respect to the issue of continuing need for involuntary commitment

as a sexually violent predator." N.J.S.A. 30:4-27.29(a).

 Nevertheless, we are not convinced that the motion judge

erred by denying J.Z.'s motion to dismiss the order that authorized

J.Z.'s continued commitment pending a review hearing. Following

his return to the STU, J.Z.'s commitment was authorized by the

court's previously-entered commitment order, rather than a newly-

issued temporary commitment order. The motion judge noted,

however, that any perceived defect in the process would be cured

at the review hearing, at which the State would be required to

show by clear and convincing evidence that J.Z. still met the

criteria for commitment under the SVPA. R.F., supra, 217 N.J. at

173 (citing N.J.S.A. 30:4-27.32(a)); see also In re Commitment of

W.Z., 173 N.J. 109, 130 (2002). We agree.

 There is no indication that the State would not have been

able to obtain a temporary commitment order after J.Z.'s return

to the STU. Indeed, J.Z. does not argue that the State could not

show there was probable cause that he met the criteria for

 9 A-4231-14T2
continued commitment at that time. Furthermore, the State later

obtained reports from Dr. DeCrisce and Dr. Sahni, who both found

that J.Z. continued to meet the criteria for commitment under the

SVPA. In addition, the court's April 20, 2012 order gave J.Z. the

right to a review hearing within twenty days after his return to

the STU.

 We therefore conclude that the trial court's failure to

dismiss the commitment order when J.Z. was transferred to the

State correctional facility to serve his criminal sentence did not

nullify the commitment order or result in the denial of J.Z.'s

rights under the SVPA. We also conclude that J.Z. suffered no harm

because the State did not commence a new action and obtain a

temporary commitment order after he was returned to the STU.

 The April 20, 2012 order provided that J.Z. could have a

review hearing within twenty days after his return to the STU.

J.Z. would have been entitled to a hearing in the same timeframe

if the State had obtained a temporary commitment order. Thus, the

trial court did not err by denying J.Z.'s motion to dismiss the

order continuing his commitment.

 Affirmed.

 10 A-4231-14T2